Daniel C. DeCarlo (State Bar No. 160307)
  E-Mail: decarlo@lbbslaw.com
Deborah F. Sirias (State Bar No. 102893)
  E-Mail: sirias@lbbslaw.com
Joshua S. Hodas (State Bar No. 250802)
  E-Mail: jhodas@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant FASHION LIFE, INC.

Mark D. Brutzkus (State Bar No. 128102)
Todd M. Lander (State Bar No. 173031)
David A. Tashroudian (State Bar No. 266718)
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile: (818) 936-0349

Attorneys for Defendant KOHL'S CORPORATION.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION a Wisconsin corporation; FASHION LIFE, INC., a California corporation erroneously sued herein as TJ SPORTSWEAR & SALES; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV10-4653-VBF (PLAx)<br><br>Assigned to Hon. Valerie Baker Fairbank<br><br>**DEFENDANTS FASHION LIFE, INC. AND KOHL'S CORPORATION'S REPLY IN SUPPORT OF THEIR MOTION IN LIMINE NO. 3 TO PRECLUDE INTRODUCTION BY PLAINTIFF OF EVIDENCE THAT IT IS THE AUTHOR OF THE DESIGNS IT REGISTERED**<br><br>HEARING AND<br>FINAL PRETRIAL<br>CONFERENCE: June 13, 2011<br>TIME: 2:30 p.m.<br>PLACE: Courtroom 9<br><br>*[Declaration of Daniel C. DeCarlo filed concurrently herewith.]*<br><br>TRIAL DATE: June 28, 2011 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' Motion seeks an Order that Plaintiff L.A. Printex Industries, Inc. ("LAP") be precluded from presenting evidence that LAP is the author of any design set forth in copyright registration VAu 630-830 (the "'830 Registration"), on the basis that LAP effectively refused to meet and confer under Local Rule 16-2 with respect to that issue of fact.

In its Opposition, LAP admits that it told Defendants that it viewed any question of authorship beyond what is set out on the registration form as irrelevant and therefore refused to set forth any of the facts or law it might rely on in that regard, even when pressed by Defendants' counsel. On that basis, preclusion of any such evidence is appropriate. *Metcalf v. Bochco*, 200 Fed. Appx. 635, 639 (9th Cir. Cal. 2006) (holding that it was not an abuse of discretion for trial judge to exclude evidence where a party had failed to comply with Local Rule 16 in regard to that evidence).

LAP contends that Defendants' Motion is a disguised summary judgment motion, and somehow, therefore, inappropriate. (Opposition at 2, 4, 5.) This argument is baseless. Defendants seek a specific limited preclusion of evidence related to authorship based on LAP's failure to comply with the local rules with respect to disclosure on that issue. That such preclusion could turn out to be case dispositive is of no moment. LAP should have considered that before insisting at the Local Rule 16-2 conference of counsel that the issue was irrelevant.

## II. CONTRARY TO LAP'S CLAIM, LOCAL RULE 16-2 REQUIRES A PARTY TO DISCLOSE ITS CONTENTION OF FACTS AND LAW

In its Opposition, LAP states, "there is absolutely no requirement under Rule 16 that L.A. Printex must summarize the facts of this case to opposing counsel." (Opposition at 2. See also Opposition at 4 ("there is nothing in Rule 16-2 that

requires that L.A. Printex's counsel summarize the presentation of this case to Defendants").)

It is unclear what LAP might be referring to in its misguided pronouncement of its Rule 16 obligations. The rule quite clearly sets forth that LAP is required to engage in just the type of activity it states it is not required to engage in:

> **L.R. 16-2 Meeting of Counsel Before Final Pretrial Conference.** At least forty (40) days before the date set for the Final Pretrial Conference, lead trial counsel for the parties shall meet in person and shall accomplish the following:
>
> …
>
> **L.R. 16-2.8 Contentions of Law and Fact.** <u>Each party shall disclose to every other party</u> which of the party's pleaded claims and defenses the party plans to pursue, together with <u>the party's contentions regarding the applicable facts and law</u>.

Local Rule 16-2 (emphasis in original, underline added).

Defendants asked LAP directly what contentions of fact and law it intended to make with respect to authorship of the works listed on the '830 Registration certificate—an issue which even LAP now concedes in its Opposition is a relevant consideration. LAP contends it responded: "for the purposes of the Rule 16-2 meeting that the author was set forth in the registration and the rest was not relevant." (Opposition at 3 n.1.) While Defendants do not agree that this is quite what LAP's counsel said, it is sufficient to establish the crux of Defendants' motion—namely, that LAP refused to provide their contentions of facts and law *vis-a-vis* authorship, beyond the information set forth in the registration certificate.

The fact of the matter remains that LAP, by its own admission, violated the Local Rule and failed to meet and confer on its contentions regarding authorship of the works set forth in the '830 Registration. The appropriate sanction is that LAP be

precluded from offering evidence of authorship beyond what is set out in the registration.[1]

### III. CONCLUSION

LAP should not be permitted to claim that the authorship of the designs in the '830 Registration is irrelevant, then come to trial and seek to put on evidence that it is the author of those designs. Defendants, therefore, respectfully request that the Court issue an Order that LAP be precluded from presenting evidence regarding authorship of any design set forth in the '830 registration at trial or in support of any motion.

DATED: May 30, 2011    Respectfully submitted,

DANIEL C. DECARLO
DEBORAH F. SIRIAS
JOSHUA S. HODAS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Daniel C. DeCarlo
Daniel C. DeCarlo
Attorneys for Defendant FASHION LIFE, INC.

Mark D. Brutzkus
EZRA BRUTZKUS GUBNER LLP
Attorneys for KOHL'S CORPORATION

---

[1] Defendants have argued extensively, elsewhere, however, that the registration itself should be excluded as there is no competent evidence that it covers the design LAP alleges Defendants have infringed.